UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

RAY ANTHONY RAMIREZ,

               Petitioner,

   - against -

UNITED STATES OF AMERICA,

               Respondent.

------------------------------------X

16 Civ. 5115 (RWS)

OPINION

A P P E A R A N C E S:

PRO SE PETITIONER

RAY ANTHONY RAMIREZ
#44017-054
F.C.I. - Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

ATTORNEY FOR GOVERNMENT

PREET BHARARA
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007
By: Andrew Ken-Wei Chan, Esq.

**Sweet, D.J.**

Petitioner Ray Anthony Ramirez ("Petitioner" or "Ramirez") has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, arguing that he is eligible for relief in the aftermath of *Johnson v. United States*, 135 S. Ct. 2551 (2015), that he received ineffective assistance of counsel, that the Court made plain error in its sentencing of Ramirez, and that Ramirez was a juvenile at the time his crime began. For the reasons set forth below, the petition is denied.

## I. Prior Proceedings

On August 20, 1998, Indictment 98 Cr. 927 (RWS) was filed in the Southern District of New York, charging Ramirez with various crimes pertaining to a racketeering enterprise. On March 20, 2000, the Government filed a five-count Superseding Information (the "Information"), S2 98 Cr. 927 (RWS). That same day, Ramirez pleaded guilty to all five counts: two counts of conspiracy to commit murder in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1959(a)(5) (Counts One and Two); one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (Count Three); and two counts of using a communication facility in commission of a drug offense, in

violation of 21 U.S.C. § 843 (Counts Four and Five). Pre-Sentencing Report ("PSR") ¶¶ 1-8.

On June 2, 2000, the Court issued a sentencing opinion setting forth the sentence mandated by the United States Sentencing Commission Guidelines Manual. *See United States v. Ramirez*, No. 98 Cr. 927 (RWS), 2000 WL 713062 (S.D.N.Y. June 2, 2000) (the "Sentencing Opinion"). The Court found that Ramirez' total offense level was 50 and his criminal history category was I. The Guidelines provided for a sentence of life imprisonment. However, pursuant to 18 U.S.C. § 1959, the statutory maximum term of imprisonment for each of Counts One and Two was 10 years; pursuant to 21 U.S.C. § 841(b)(1)(C), the statutory maximum term for Count Three was 20 years; and, pursuant to 21 U.S.C. § 843, statutory maximum term of imprisonment for each of Counts Four and Five was 4 years. Because the Guidelines sentencing exceeded the combined statutory maximum sentence of 48, the sentence to be imposed was 48 years, pursuant to § 5G1.1(a) of the Guidelines. Because the sentence imposed on the count carrying the highest statutory maximum was less than the total punishment, the sentences to be imposed on of Counts One, Two, Three, Four and Five were required to run consecutively, pursuant to § 5G1.2(d) of the Guidelines.

On June 6, 2000, in accordance with the Sentencing Opinion, the Court sentenced the defendant to a total of 48 years' imprisonment, to be followed by a three year term of supervised release. During the proceeding, after hearing from counsel for both sides and from the defendant personally, the Court did not recite the sentence it was imposing, but stated that it was imposing the sentence outlined in the Sentencing Opinion. Ramirez's counsel did not object. Ramirez did not file a habeas motion under 28 U.S.C. § 2255 within the one-year period of limitation. *See* 28 U.S.C. § 2255(f)(1).

In December 2010, Ramirez moved for a writ of error *coram nobis* or *audita querela*. Ramirez argued the illegality of his sentence on two grounds: first, because the Court imposed a 48-year imprisonment when the maximum statutory sentence on each count was no more than twenty years; and second, because the Court failed to impose a separate sentence on each of the five counts. The Court denied Ramirez's motion because "Ramirez has not shown any reason for his failure to file a direct appeal or a timely motion under 28 U.S.C. § 2255," a requirement before either of the writs would be appropriate. *United States v. Ramirez*, No. 98 CRIM. 927, 2012 WL 11280, at *4 (S.D.N.Y. Jan. 3, 2012) (the "January 3 Opinion").

Ramirez moved for the Court to reconsider the decision rendered in the January 3 Opinion. That motion was denied in an opinion dated March 7, 2012. *See Ramirez v. United States*, No. 98 Cr. 927, 2012 WL 753763, at *2 (S.D.N.Y. Mar. 7, 2012), *aff'd*, 514 F. App'x 42 (2d Cir. 2013) (the "March 7 Opinion"). Ramirez subsequently appealed, arguing that the January 3 Opinion and the March 7 Opinion were incorrectly decided. Both decisions were affirmed by the Second Circuit. *See United States v. Ramirez*, 514 F. App'x 42 (2d Cir. 2013). While the panel "assume[d] that it was error for the district court not to recite its sentence in open court," it held that this circumstance did not render Ramirez entitled to *coram nobis* relief. *Id.* at 45. In agreeing with this Court that "[o]n this record, there is no basis for concluding that Ramirez's substantial rights have been violated in a manner that entitles him to the issuance of an extraordinary writ," the Second Circuit noted that "Ramirez has not articulated sound reasons . . . for [his] failure to seek appropriate earlier relief, since he had every opportunity to object at the time but did not, and he failed for more than ten years to seek relief from the sentence[; n]or has he shown that there are circumstances compelling [the grant of the writ] to achieve justice, since he received precisely the sentence that he bargained for,

anticipated, and understood at the time it was being imposed." *Id.* at 45-46 (internal quotation marks and citations omitted).

On June 27, 2016, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition was marked fully submitted on October 12, 2016.

**II. Standard of Review**

As Ramirez is *pro se*, his petition will be construed liberally. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Arbabsiar v. United States*, No. 11 CR 897 JFK, 2014 WL 6463229, at *1 (S.D.N.Y. Nov. 18, 2014), *cert. denied* (2d Cir. 14-4596, July 6, 2015).

**A. Legal Standard for § 2255 Petitions**

Section 2255 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") entitles a prisoner held in federal custody to habeas relief if "the sentence imposed was in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). To obtain habeas relief under this provision, a petitioner must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).

Section 2255 is not a substitute for direct appeal. *See Reed v. Farley*, 512 U.S. 339, 354 (1994) ("Where the petitioner . . . failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation.") (internal citation omitted). Consequently, claims that could have been raised on direct appeal, but were not, are generally unreviewable under Section 2255. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Weber v. United States*, No. 06 Civ. 7170, 2007 WL 1834827, at *2 (S.D.N.Y. June 25, 2007). Petitioners bear the burden of proving violations of federal law by a preponderance of the evidence. *See Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997).

If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).

### B. Legal Standard for Ineffective Assistance of Counsel Claims

Petitioners may raise ineffective assistance of counsel claims on collateral review. *See U.S. v. Tarbell*, 728 F.3d 122, 128-29 (2d Cir. 2013) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance of counsel.") (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Under *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), a habeas petitioner claiming ineffective assistance of counsel must show (1) that counsel's performance was objectively deficient and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different. *See Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011). An attorney's representation is deficient when it falls "below an objective standard of reasonableness," as determined by

8

reference to "prevailing professional norms." *Strickland*, 466 U.S. at 688. Courts are not required to address both Strickland elements if the petitioner "makes an insufficient showing in one." *Wynder v. Smith*, No. 09 Civ. 4541 (LAP)(JLC), 2011 WL 70556, at *13 (S.D.N.Y. Jan. 10, 2011).

### III.   Ramirez's 18 U.S.C. 1959(a)(5) Convictions Do Not Implicate *Johnson*

In his Section 2255 motion, Ramirez first argues that the statute under which he was convicted for conspiracy to commit murder in aid of racketeering activity, 18 U.S.C. 1959(a)(5), is unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that the Court should vacate his convictions for Counts One and Two on this ground.

In *Johnson*, the Supreme Court held that the so-called "residual clause" within the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates due process. *Id.* at 2653. Ramirez was not convicted of any counts involving the ACCA, but rather of two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Ramirez argues that Section

9

1959 of Title 18 also violates due process because it incorporates the definition of "crime of violence" in 18 U.S.C. § 16(b), which contains a similar, but not identically-worded, residual clause. While Section 1959(a)(4) incorporates the phrase "crime of violence," Section 1959(a)(5), under which Ramirez was convicted of Counts One and Two, makes no use of the term. Section 1959(a)(5) criminalizes "attempting or conspiring to commit murder or kidnapping" in aid of racketeering activity. As a result, *Johnson* has no impact on Ramirez's Section 1959(a)(5) convictions.

**IV.   Ramirez's Other Claims are Time-Barred, Waived, or Both**

The other claims Ramirez makes in his Section 2255 motion principally relate to the application of Section 2A1.5 of the Guidelines at his sentencing. This Section called for a base offense level of 43 for his two Section 1959(a)(5) counts because the offenses resulted in the deaths of victims. *See* U.S.S.G. § 2A1.5(c)(1) ("If the offense resulted in the death of a victim, apply § 2A1.1."); U.S.S.G. § 2A1.1 (assigning a base offense level of 43 for First Degree Murder). As a threshold issue, all of these Section 2255 claims are untimely as Ramirez's conviction became final more than 15 years ago.

Section 2255 motions are subject to a one-year statute of limitations that is calculated from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Ramirez argues that the statute of limitation began to run by various Supreme Court cases decided recently, but none of them are applicable here.

Ramirez's ineffective assistance of counsel claim is time-barred and waived. Ramirez has far surpassed the one-year time period following his final conviction, and, as explained above, to any extent Ramirez asserts that *Johnson* re-starts the clock on his Section 2255 motion, that assertion fails because *Johnson* is not applicable to Ramirez's convictions.

Regardless, Ramirez's ineffective assistance of counsel arguments do not meet the burdensome *Strickland* requirements. *Strickland* requires that "scrutiny of counsel's performance be highly deferential," and that "every effort be made to eliminate

11

the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. This compels the Court "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Ramirez argues that his counsel was constitutionally ineffective for failing to object to the application of § 2A1.1, and for not informing Ramirez that the application of § 2A1.1 would require the Court to impose the statutory maximum for each of his convictions. He also argues that his counsel was ineffective in failing to object to the Court's lack of recitation of his sentence at the sentencing hearing. None of these alleged failures can be deemed objectively unreasonable, nor can they meet *Strickland*'s second prong: a change in outcome. Ramirez has not alleged that he would have proceeded to trial instead of plead guilty but for his attorney's allegedly deficient performance.

Additionally, Ramirez's "plain error" argument is time-barred and waived. He argues that the Court committed plain error by allegedly applying the "wrong guidelines" to the charges, pointing to *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), which held that, generally, where "a defendant [] has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome."

*Id.* at 1346. However, Ramirez has not established—or even provided any evidence that—the Guidelines range used in his case was incorrect, or that it was higher than it should have been. Nor has the rule in *Molina-Martinez* been made retroactive on collateral review. Therefore, the time period to make this claim in a Section 2255 motion ended one year from Ramirez's date of conviction.

Finally, Ramirez argues that, because he was a juvenile at the time the conspiracy began, he should not have received a "sentence beyond a certain point," Mot. at 11, and that this is a new rule stemming from *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. Setting aside the additional layer of untimeliness in raising this issue—*Miller* was decided in 2012, more than four years before Ramirez filed his Section 2255 motion—the case plainly has no application here. While Ramirez was 6 months shy of his 18th birthday when the conspiracy allegedly began, in June 1996, he was not sentenced to life imprisonment without parole.

13

## V. Conclusion

For the reasons stated above, Petitioner's petition for writ of habeas corpus is denied.

It is so ordered.

New York, NY
December 28, 2016

_____
ROBERT W. SWEET
U.S.D.J.